IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VOIP-PAL.COM, INC., | § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 6:21-cv-667-ADA |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendants. | § § § § § | |

**DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO TRANSFER**

███████████

# TABLE OF CONTENTS

Page

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 1 |
| | A. | There Have Been Numerous Related Cases in the NDCA | 1 |
| | B. | The Vast Majority of Google's Witnesses and Documents Are in the NDCA | 4 |
| | C. | VoIP-Pal's Alleged Ties to the WDTX Are Illusory | 5 |
| | D. | The Known Third Party Witnesses Are All in or Closer to the NDCA | 6 |
| III. | LEGAL STANDARD | | 6 |
| IV. | ARGUMENT | | 7 |
| | A. | This Case Could Have Been Filed in the NDCA | 7 |
| | B. | The Private Interest Factors Favor Transfer | 7 |
| | | 1. Cost of Attendance for Willing Witnesses Favors Transfer | 7 |
| | | 2. The Relative Ease of Access to Sources of Proof Favors Transfer | 10 |
| | | 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer | 11 |
| | | 4. The Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive Weigh in Favor of Transfer | 12 |
| | C. | The Public Interest Factors Also Favor Transfer | 13 |
| | | 1. Administrative Difficulties Flowing from Court Congestion Favor Transfer | 13 |
| | | 2. Local Interest Favors Transfer | 13 |
| | | 3. The Courts' Familiarity with the Law and the Avoidance of Conflicts Concerning the Application of Foreign Law Factors Favor Transfer | 14 |
| V. | CONCLUSION | | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010) ......................................................................................... 9, 13

*Adaptix, Inc. v. HTC Corp.*,
  937 F. Supp. 2d 867 (E.D. Tex. March 28, 2013) .................................................................. 11

*Affinity Labs of Texas, LLC v. Samsung Elecs. Co., Ltd.*,
  No. 6:13-cv-364, 2014 WL 12570501  (W.D. Tex. June 11, 2014) ......................................... 12

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ................................................................................................ 13

*Apple Inc. v. VoIP-Pal.com, Inc.*,
  No. 20-cv-02460-LHK, 2021 WL 3810263 (N.D. Cal. Aug. 26, 2021) .................................... 1

*Cellco Partnership et al v. VoIP-Pal.com, Inc.*,
  No. 3:21-cv-05275-JD (Oct. 15, 2021) ..................................................................................... 3

*Correct Transmission LLC v. ADTRAN, Inc.*,
  No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ........................... 12

*Cub Club Inv., LLC v. Apple, Inc.*,
  No. 6:20-cv-00856-ADA (W.D. Tex. Sept. 7, 2021) ...................................................... 7, 8, 11

*DataQuill, Ltd. v. Apple Inc.*,
  No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) .................................... 8

*In re Dish Network L.L.C.*,
  No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) .................................................. 11

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .................................................................................... 7, 10, 13

*In re Google LLC*,
  No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ......................................... passim

*In re HP, Inc.*,
  No. 2018-0149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ................................................ 8

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ....................................................................... 7, 10, 13, 14

# TABLE OF AUTHORITIES
## (continued)

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) ............................................................................................ 7

*Parus Holdings Inc. v. LG Elecs. Inc.*,
  No, 6:19-cv-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) ........................ 11

*Twitter, Inc. v. Voip-Pal.com, Inc.*,
  No. 5:21-cv-02769-LHK .................................................................................................... 3

*VoIP-Pal.com, Inc. v. Apple Inc.*,
  No. 6:21-cv-00670-ADA .............................................................................................. 2, 3

*VoIP-Pal.com, Inc. v. AT&T, Corp., et al.*,
  No. 6:21-cv-00671-ADA .................................................................................................... 2

*VoIP-Pal.com, Inc. v. Google LLC*,
  No. 6:20-cv-00269-ADA (W.D. Tex. Apr. 3, 2020) ...................................................... 3, 4

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ............................................................................................ 10

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ..................................................................................... *passim*

*Wet Sounds, Inc. v. Audio Formz, LLC*,
  No. A-17-CV-141- LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017) ........................... 10

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................................ 7

28 U.S.C. § 1404(a) ........................................................................................................ 1, 6, 9

35 U.S.C. § 101 .................................................................................................................. 1, 2

I.      INTRODUCTION

Every factor of the transfer analysis weighs in favor of transferring this case to the Northern District of California ("NDCA"). The center of gravity is seated firmly in the NDCA. This case involves two companies that have no relevant witnesses or evidence in the Western District of Texas ("WDTX"). In contrast, a substantial amount of evidence and witnesses are located in the NDCA where Google LLC ("Google") has been headquartered since its founding in 1998 and where the accused products and features were primarily developed. Moreover, the NDCA has overseen multiple waves of related litigation, including one pending case regarding the same accused patents. Accordingly, a transfer of this case to the NDCA pursuant to 28 U.S.C. § 1404(a) is appropriate.

II.     STATEMENT OF FACTS

A.      There Have Been Numerous Related Cases in the NDCA

VoIP-Pal has filed a total of four waves of related patent cases. Many of these cases and their mirroring Declaratory Judgment ("DJ") actions have taken place in the NDCA. As a result, the NDCA has formed a deep familiarity with the parties and relevant technology. Specifically, the following related cases (summarized in Exhibit A[1]) are relevant to this transfer motion:

*The "Wave 1 cases" in the NDCA:* The first wave was filed in 2016 against various defendants (not including Google) alleging infringement of U.S. Patent Nos. 8,542,815 ("the '815 Patent") and 9,179,005 (the "Wave 1 cases"). *See Apple Inc. v. VoIP-Pal.com, Inc.*, No. 20-cv-02460-LHK, 2021 WL 3810263, at *1–2 (N.D. Cal. Aug. 26, 2021). The Honorable Judge Lucy H. Koh of the NDCA granted a consolidated motion to dismiss VoIP-Pal's claims as invalid under 35 U.S.C. § 101. *Id*. The Federal Circuit affirmed Judge Koh's decision. *Id*.

---

[1] All numbered Exhibits are to the Declaration of Robert W. Unikel, filed concurrently.

*The "Wave 2 cases" in the NDCA:* Judge Koh also presided over a second wave of cases, filed in May and June 2018, against various defendants (not including Google) alleging infringement of U.S. Patent Nos. 9,537,762; 9,813,330; 9,826,002; and 9,948,549 (the "Wave 2 cases"). *Id*. Judge Koh again granted a consolidated motion to dismiss VoIP-Pal's claims as invalid under 35 U.S.C. § 101. *Id*. The Federal Circuit again affirmed Judge Koh's decision. *Id*.

*The "Wave 3 cases" and the "Wave 3 DJ cases" in the NDCA:* In 2020, VoIP-Pal asserted U.S. Patent No. 10,218,606 ("the '606 Patent") against numerous defendants (including Google) in the WDTX (the "Wave 3 cases"). *Id*. Some of those defendants filed DJ actions in the NDCA, which were assigned to Judge Koh (the "Wave 3 DJ cases"). *Id*. at *4. The NDCA court related the Wave 3 DJ cases to the Wave 1 cases it had previously heard. *See id*. VoIP-Pal moved to dismiss the Wave 3 DJ cases on the basis that, *inter alia*, the Wave 3 cases filed in this district were filed first. *Id*. Judge Koh denied VoIP-Pal's motion, due to her familiarity with the disputes as compared to the WDTX's. *Id*. The Wave 3 DJ cases have each since been dismissed.

*The "Wave 4 cases" and the "Wave 4 DJ cases" in the NDCA:* In the instant action, VoIP-Pal has asserted U.S. Patent Nos. 8,630,234 ("the '234 Patent") and 10,880,721 ("the '721 Patent") (collectively, the "Asserted Patents") against Google, and VoIP-Pal has asserted the same patents against T-Mobile, Verizon, AT&T, Apple, Amazon, and Facebook in this court (collectively, the "Wave 4 cases"). *See* Declaration of Robert W. Unikel ("Unikel Decl.") ¶ 2. The Apple and AT&T cases have been dismissed. *See VoIP-Pal.com, Inc. v. Apple Inc.,* No. 6:21-cv-00670-ADA*; VoIP-Pal.com, Inc. v. AT&T, Corp., et al.,* No. 6:21-cv-00671-ADA. Verizon, Apple, and AT&T filed DJ actions on the Asserted Patents in the NDCA (the "Wave 4 DJ cases"), each of which were assigned to the Honorable Judge James Donato. Unikel Decl. ¶ 3. The Verizon Wave 4 DJ is still pending, and currently stayed pending the resolution of transfer

motions before this court. *See Cellco Partnership et al v. VoIP-Pal.com, Inc.*, No. 3:21-cv-05275-JD, Dkt. 40 (Oct. 15, 2021).

<u>The pending Twitter DJ:</u> In addition to the four waves of cases, there is also a pending DJ action filed in the NDCA by Twitter against U.S. Patent No. 9,935,872 ("the '872 patent"). *Twitter, Inc. v. Voip-Pal.com, Inc.*, No. 5:21-cv-02769-LHK. Judge Koh recently denied a motion to dismiss this DJ, noting that the '872 patent was "directly related" to other patents that had been litigated before her in the prior waves. *Id*. at Dkt. 38 (Nov. 2, 2021).

<u>The Asserted Patents concern the same technology as in the prior waves:</u> There is substantial overlap between this case and the earlier waves. The patents asserted in the various waves all focus on the same technology. *See Apple Inc.*, 2021 WL 3810263, at *4 ("The '234 patent and the '721 patent [from this case] concern the same technology as the patents involved in the 2016 cases, the 2018 cases, the 2020 Texas cases, and the instant case."). VoIP-Pal itself admits that its "intellectual property value is derived from . . . five parent patents, one of which is foundational [the '815 Patent from Wave 1] and the others [including the '234 Patent from this case] build upon the former." Ex. B (Form 10-K filing). Indeed, VoIP-Pal's background on the technology in its complaint in this action is recited nearly verbatim from the background on the technology from its Wave 3 complaint. *Compare, e.g., VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA (a Wave 3 case), Dkt. 1 ¶¶ 11–21 (W.D. Tex. Apr. 3, 2020), *with VoIP-Pal.com, Inc. v. Google LLC*, No. 6:21-cv-00667-ADA (a Wave 4 case), Dkt. 1 ¶¶ 13–23 (W.D. Tex. Jun. 25, 2021).

A review of the Asserted Patents and the patents asserted in the earlier waves confirms the similarities. For example, the claims of the '606 Patent (from Wave 3) recite the use of certain "identifiers" for call recipients, just as in the asserted claims in this case. *See* Exs. C–E.

Moreover, the specifications of the Asserted Patents in this case overlap with those in prior cases (which all share a common specification); many of the figures are the same or nearly identical across patents. *See id*. And Johan Emil Viktor Björsell is a named inventor on all of the patents. Unikel Decl. ¶ 9. Moreover, the accused products in this case overlap with those in Google's Wave 3 case. *Compare VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA (a Wave 3 case), Dkt. 24 ¶ 43 (W.D. Tex. Jul. 31, 2020) (accusing "messaging services"), with *VoIP-Pal.com, Inc. v. Google LLC*, No. 6:21-cv-00667-ADA (a Wave 4 case), Dkt. 1 ¶ 26 (W.D. Tex. Jun. 25, 2021) (accusing a "messaging and communication platform.").

### B. The Vast Majority of Google's Witnesses and Documents Are in the NDCA

Google's Mountain View headquarters, which includes offices in neighboring Sunnyvale (collectively referred to as "Mountain View"), is the strategic center of Google's business. Declaration of ▮▮▮▮▮ ("▮▮▮ Decl.") ¶ 2. As of June 2021, the Mountain View headquarters employed approximately 39,887 employees, which is approximately 45.3% of Google's U.S. employees. *Id*. As of June 2021, Google also had approximately 10,932 other employees in offices in San Francisco, California and other smaller offices also within the NDCA. *Id*. As of June 2021, approximately 57.7% of Google's 88,023 total U.S. employees, including engineers, product managers, marketers, executives, and staff were employed out of Google's offices located in the NDCA. *Id*. Although Google has an office in Austin, Texas, it houses only a very small fraction of Google's U.S. employees (2%). *Id*. ¶ 3. And neither Google nor VoIP-Pal have identified any employees in Texas who have worked on the design and development of the accused functionalities.

VoIP-Pal alleges that particular functionalities of Google Fi and Google Hangouts infringe the Asserted Patents. Unikel Decl. ¶ 10. Regarding Google Fi, ▮▮▮▮ and ▮▮▮▮ ▮▮▮▮ are Software Engineers who are knowledgeable about the feature of making voice calls

-4-

over WiFi using Google Fi and both are based in Mountain View, as are their direct reports. ███ Decl. ¶ 7. Regarding Hangouts, ███████████████ is a Software Engineer who is knowledgeable about accessing carrier resources outside Google using Hangouts and is based in Mountain View, along with all of his direct reports. *Id*. ¶ 9. ████████ is a Software Engineer based in Mountain View who is knowledgeable regarding accessing a user's contacts using Hangouts. *Id*. ██████████ is a Software Engineer based in Kirkland, Washington who is knowledgeable regarding the manner by which voice and video calling are established and facilitated using Hangouts. *Id*. ██████████ and ██████████ are engineers who are knowledgeable regarding interfacing and transmitting call signaling between Google and outside carriers through Hangouts. Both individuals are based in Stockholm, Sweden, and their direct reports are based in either Sweden or northern California. *Id*.

Last, as a matter of Google practice, documents in Google's possession about its products and services are normally created and maintained by the employees working on those products and services. *Id.* ¶ 4.

C. **VoIP-Pal's Alleged Ties to the WDTX Are Illusory**

VoIP-Pal is a Nevada Corporation. Dkt. 1 ¶ 1. VoIP-Pal claims to have a principal place of business located at 7215 Bosque Boulevard, Waco, Texas 76710. *Id*. That "office," however, is a virtual office only. Ex. F. In fact, 46 other businesses list this same address as their business address. Ex. G. Google is unaware of any VoIP-Pal party witnesses that reside in the WDTX. In fact, each member of the current board appears to have an "Office Address" located in Bellevue, Washington. Ex. H. In its opposition to Google's motion to transfer the Wave 3 Google case, VoIP-Pal only identified *one* party witness who allegedly works out of the WDTX office, Mr. Kevin Williams. No. 6:20-cv-00269, Dkt. 25-1 ¶ 32. VoIP-Pal contended that Mr. Williams was a "business advisor" who works from VoIP-Pal's virtual Waco office and allegedly has

knowledge of VoIP-Pal's activities. *Id*. Yet, VoIP-Pal does not state what relevant information Mr. Williams has and avoids stating what office he is based out of. Mr. Williams (now VoIP-Pal's CFO and Director) appears to also work out of the Bellevue, Washington office. Ex. H.

### D. The Known Third Party Witnesses Are All in or Closer to the NDCA

Relevant prior art witnesses are also based in NDCA. For example, DialPad and GrandCentral, which are both web-based personal communications systems that preceded the priority date of the Asserted Patents, are relevant prior art systems. Exs. I–J. GrandCentral, which was acquired by Google in 2007, was founded in 2005 by Craig Walker and Vincent Paquet, who both currently reside in the San Francisco Bay Area and previously worked together while running Dialpad Communications. Ex. K–M. Further, each of the named inventors appears to reside in British Columbia, Canada based on their locations listed on the face of the Asserted Patents, which issued as late as December 29, 2020. Exs. D–E.

## III. LEGAL STANDARD

To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*") (citation omitted). If so, the court weighs eight private and public interest factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interest decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id*. at 315 (citation omitted). "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *See In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) (citation omitted).

## IV. ARGUMENT

The center of gravity for this case is in the NDCA and not the WDTX. This case should therefore be transferred. *See In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021). Even if the Court finds all other factors neutral, transfer is still appropriate. Indeed, in a recent case, this Court transferred a case to the NDCA where the location of witnesses and evidence favored transfer and the other factors were overall neutral. *See Cub Club Inv., LLC v. Apple, Inc.,* No. 6:20-cv-00856-ADA, Dkt. 28 at 13 (W.D. Tex. Sept. 7, 2021) (Ex. N). The Federal Circuit, too, has confirmed that transfer is warranted where the majority of witnesses and evidence are located in the transferee forum, even where at least some evidence is in the transferor forum. *See In re Google LLC,* 2021 WL 4427899, at *7; *see also In re Juniper Networks, Inc.*, 14 F.4th 1313, 1323 (Fed. Cir. 2021). The same result is warranted here.

### A. This Case Could Have Been Filed in the NDCA

The threshold requirement for a transfer of venue is met here: VoIP-Pal could have brought this action in the NDCA, where Google is headquartered. *See* 28 U.S.C. § 1400(b).

### B. The Private Interest Factors Favor Transfer

#### 1. Cost of Attendance for Willing Witnesses Favors Transfer

The Federal Circuit established that "[t]he convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted). Here, the expected witnesses and their expenses for participating in this case demonstrate that this dispute belongs in the NDCA.

Google established its headquarters in the NDCA at its founding, and remains there to this day. ▮ Decl. ¶ 2. Google's likely witnesses, including those with technical knowledge about the accused features and products, are all based in or nearer to the NDCA, with only a handful in Sweden. *Id.* ¶¶ 7, 9. These individuals have direct experience with the accused functionalities and will likely have information relevant to noninfringement, prior art, and alleged damages in this case. *See id.* "While it is true that the witnesses in the Northern District of California are largely affiliated with the parties, that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *In re Google LLC*, 2021 WL 4427899, at *4.

Google has an Austin office, but none of the relevant Google witnesses are based there. A party's presence in the transferor district does not affect the assessment of this factor if that presence is not relevant to the case. *See, e.g., In re HP, Inc.*, No. 2018-0149, 2018 WL 4692486, at *1–2 (Fed. Cir. Sept. 25, 2018) (finding transfer to the NDCA appropriate even though defendant "maintain[ed] an office" within the transferor district). Indeed, this Court has granted a motion to transfer, notwithstanding a defendant's Austin office (housing 7,000 employees) where "there is no evidence . . . that demonstrates a single employee from the Austin campus has knowledge and/or documents relevant to this case." *Cub Club Inv.,* No. 6:20-cv-000856-ADA, Dkt. 28 at 8 (Ex. N); *see also DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *1, 3 (W.D. Tex. June 13, 2014) (granting transfer to the NDCA even though defendant "employs some 3,500 people" in this district where no witnesses were identified in the WDTX). Accordingly, Google's presence in Austin does not affect transfer because that presence is irrelevant to the patent claims in this case.

VoIP-Pal does not have any relevant witnesses in the WDTX either. While VoIP-Pal purports to have an office in the WDTX, that is a virtual office only. Ex. F. And while VoIP-Pal contended that one witness, Mr. Williams, works from VoIP-Pal's virtual Waco office, VoIP-Pal does not state what relevant information Mr. Williams has and avoids stating what office he is actually based out of. In fact, Mr. Williams appears to also work out of the Bellevue, Washington office. Ex. H. Further, each of VoIP-Pal's board members appears to be located closer to the NDCA. *See supra* Section II.C.

Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317 (citation omitted). "[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." *Id*. (citation omitted). Distant witnesses "not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *Id*.

Here, both the time and the distance the witnesses would need to travel favor transfer. All of the affected Google and VoIP-Pal witnesses must travel about 1,500 miles from California (or farther) to Waco, Texas to testify, resulting in costly and unnecessary travel expenses, missed work, and personal disruptions. *See In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010). Only Google's witnesses in Sweden may be physically closer to Waco, Texas but it would take about the same amount of time for them to travel to Waco versus San Francisco, if not longer given that there is no major airport in Waco. Exs. O–P. "In this regard, time is a more important metric than distance" as "[t]here is no major airport in the Waco Division of the Western District of Texas[.]" *In re Google LLC*, 2021 WL 4427899, at *4. However, litigating this case in the

NDCA would allow many of the witnesses to commute to trial or hearings from home or work within the same day. "[T]he task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour." *Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-CV-141- LY, 2017 WL 4547916 at *3 (W.D. Tex. Oct. 11, 2017) (*quoting In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004)).

Because the majority of the material witnesses reside within the NDCA or closer to the NDCA, and no known witnesses reside in the WDTX, this most important factor overwhelmingly favors transfer. The Federal Circuit's cases "have emphasized that when there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer." *In re Google LLC*, 2021 WL 4427899, at *4; *see also In re Juniper Networks,* 14 F.4th at 1319 (ordering transfer to the NDCA where defendant identified eleven potential party witnesses in the NDCA and plaintiff identified only one party witness in the WDTX).

### 2. The Relative Ease of Access to Sources of Proof Favors Transfer

The fact that documents may be stored electronically does not undermine the import of their location as "the Fifth Circuit [has] clarified that despite technological advances that make the physical location of documents less significant, the location of sources of proof remains a 'meaningful factor in the analysis.'" *Wet Sounds,* 2017 WL 4547916, at *2 (quoting *Volkswagen II*, 545 F.3d at 315). And "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (citation omitted). Documents in Google's possession about its products and services are

normally created and maintained by the employees working on those products and services.

▮ Decl. ¶ 4. Because the employees with relevant knowledge of this litigation are based primarily in the NDCA, the relevant documents in this case would likely be created and maintained in the NDCA. *See In re Google LLC*, 2021 WL 4427899, at *6. Meanwhile, there is no indication that any relevant evidence exists in the WDTX. Therefore, the geographic locus of evidence also favors transfer to California. This Court has found that this factor favored transfer to the NDCA where the movant asserted that "Google researches, designs, develops, and tests Google assistant in NDCA." *Parus Holdings Inc. v. LG Elecs. Inc.*, No, 6:19-cv-00432-ADA, 2020 WL 4905809, at *3 (W.D. Tex. Aug. 20, 2020). The Court should similarly do so here. As in *Cub Club*, this factor weighs in favor of transfer given "1) that [Google] resides in the NDCA and (2) that the accused features were apparently developed at [Google's] offices in California." *Cub Club Inv.,* No. 6:20-cv-000856-ADA, Dkt. 28 at 6 (Ex. N).

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer

"Transfer is favored" where, as here, a transferee district like the NDCA, "has absolute subpoena power over a greater number of non-party witnesses." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. March 28, 2013). Known third party witnesses, prior artists Paquet and Walker, reside in the NDCA. *See supra* Section II.D. There is no indication that these non-party witnesses are willing, and they are therefore presumed to be unwilling and considered under this factor. *In re Dish Network L.L.C.,* No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021). There are no known third party witnesses who reside within the subpoena power of the WDTX. The named inventors of the asserted patents are located outside of the subpoena power of both courts. This factor therefore favors transfer. *See In re Google LLC*, 2021 WL 4427899, at *1, 6–7 (finding that weight should be given to the location of Google's prior art

-11-

witnesses, noting Google's history in "several previous cases in which it had called such witnesses to testify during trial").

### 4. The Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive Weigh in Favor of Transfer

"[T]his Court has previously held that the last private interest factor favors transfer when most witnesses are present in the transferee forum and the plaintiff has no presence in the Western District." *Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *5 (W.D. Tex. May 17, 2021) (citation omitted). Due to the majority of likely Google witnesses being in the NDCA, the lack of any likely witnesses in the WDTX, and VoIP-Pal's artificial presence in the WDTX, this factor also favors transfer.

Further, the conservation of judicial resources weighs heavily in favor of transferring this case to the NDCA. If transferred to the NDCA, this case likely would be assigned to Judge Donato, who is currently presiding over a case concerning the same Asserted Patents. *See* N.D. Cal. Local Rule 3-12 on Related Cases. Or, the cases could be assigned to Judge Koh, who has substantial experience with related patents and technology and is currently overseeing one DJ on a related patent. *See supra* Section II.A. Courts in this district have ordered transfer under similar circumstances. In *Affinity Labs of Texas, LLC v. Samsung Elecs. Co., Ltd.*, the Court transferred a case to the NDCA, which had a pending lawsuit on related patents and was familiar with the patents. No. 6:13-cv-364, 2014 WL 12570501, at *2 (W.D. Tex. June 11, 2014). The court noted that the transfer "will reduce a waste of judicial resources, given the similarities between the patents and accused products." *Id*. *8. Here, transfer is also warranted. As in *Affinity*, the transferee district is more familiar with the Asserted Patents. Thus, transfer is appropriate, as "[a] single court overseeing [related] cases 'would avoid wasteful duplication of effort by two courts on essentially the same issues.'" *Id*. (citation omitted). Indeed, "the ability to transfer a case to a

district with numerous cases involving some overlapping issues weighs at least slightly in favor of such a transfer." *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020).

### C.  The Public Interest Factors Also Favor Transfer

#### 1.  Administrative Difficulties Flowing from Court Congestion Favor Transfer

This factor favors transfer. This Court is more "congested" in that it has far more open patent cases (821 cases) than the NDCA (287 cases). Exs. Q–R.  Moreover, the median times to trial are roughly the same (about 20.8 months in this Court versus 25 months in the NDCA). *Id*. Although this Court's default schedule could lead to a trial date sooner than the average time to trial in the NDCA, the Federal Circuit has made clear that "it is improper to assess the court congestion factor" based on a scheduling order. *In re Juniper Networks,* 14 F.4th at 1322. Even if the Court does find that its default schedule tilts this factor against transfer, the Federal Circuit has noted that this factor "appears to be the most speculative" and "cannot outweigh all of the other factors" in the transfer analysis. *Genentech*, 566 F.3d at 1347.

#### 2.  Local Interest Favors Transfer

The NDCA has a strong local interest in this dispute: Google was founded in the NDCA, where it still maintains its headquarters, and where its engineers developed many of the accused functionalities. This factor focuses on the "significant connections between a particular venue and the events that gave rise to a suit." *In re Acer,* 626 F.3d at 1256; *see also Volkswagen II*, 545 F.3d at 318 (explaining that this factor pertains to a forum's "connections with the events that gave rise to th[e] suit"). Much of Google's design and development of the accused functionalities occurred in the NDCA. In contrast to the significant connection between this litigation and the NDCA, there is no meaningful connection to the WDTX. None of the relevant Google employees with responsibilities related to the accused functionalities are based in Texas, and

-13-

Google's presence in Austin with respect to other products and technologies does not demonstrate a local interest in this case. "Because the accused products were designed and developed in the transferee venue and are not related to Google's presence in Texas. . . the local interest factor should [be] weighted strongly in favor of transfer." *In re Google LLC*, 2021 WL 4427899, at *6; *see also In re Juniper Networks*, 14 F.4th at 1320-21 ("Juniper's general presence in the Western District of Texas is not enough to establish a local interest in that district comparable to that of the Northern District of California. . . . Moreover, it appears that the relationship between the Texas forum and Brazos is merely the product of pursuing litigation in a preferred forum and is entitled to little weight.").

### 3. The Courts' Familiarity with the Law and the Avoidance of Conflicts Concerning the Application of Foreign Law Factors Favor Transfer

The courts in the WDTX and the NDCA are both familiar and experienced with patent litigation issues. But the NDCA in particular is familiar with the facts and issues related to these Asserted Patents and related patents. Transferring this case to the NDCA thus would both conserve judicial resources and avoid any potentially inconsistent rulings.

## V. CONCLUSION

All eight factors favor transfer. Under these facts, transfer is warranted.

DATED: November 11, 2021

Respectfully submitted,

By: */s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
State Bar No.: 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

        Robert W. Unikel (Admitted *Pro Hac Vice*)
        robertunikel@paulhastings.com
        Matthew Lind (Admitted *Pro Hac Vice*)
        matthewlind@paulhastings.com
        PAUL HASTINGS LLP
        71 South Wacker Drive, 45th Floor
        Chicago, IL 60606
        Telephone: (312) 499-6000
        Facsimile: (312) 499-6100

        Robert R. Laurenzi (Admitted *Pro Hac Vice*)
        robertlaurenzi@paulhastings.com
        PAUL HASTINGS LLP
        200 Park Avenue
        New York, NY 10166
        Telephone: (212) 318-6000
        Facsimile: (212) 319-4090

        Ariell N. Bratton (Admitted *Pro Hac Vice*)
        ariellbratton@paulhastings.com
        Cole D. Malmberg (Admitted *Pro Hac Vice*)
        colemalmberg@paulhastings.com
        PAUL HASTINGS LLP
        4747 Executive Drive, 12th Floor
        San Diego, CA 92121
        Telephone: (858) 458-3000
        Facsimile: (858) 458-3005

        *Counsel for Defendant Google LLC*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties to this motion conferred in a good-faith effort on October 25, 2021 to resolve the matter presented herein. Counsel for VoIP-Pal.com, Inc. opposes the instant motion.

        */s/ Paige Arnette Amstutz*
        Paige Arnette Amstutz