IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VOIP-PAL.COM, INC.,**<br>*Plaintiff,*<br><br>v.<br><br>**GOOGLE LLC,**<br>*Defendant.* | §<br>§<br>§<br>§  Civil Action 6:20-cv-00269-ADA and<br>§  Civil Action 6:21-cv-00667-ADA<br>§<br>§<br>§<br>§ |

## DISCOVERY DISPUTE ORDER

The parties raised the following discovery dispute with the Court by email submission.

### Google's Statement

VoIP-Pal's Preliminary Infringement Contentions ("PICs") fail to "set[] forth where in the accused product(s) each element of the asserted claim(s) are found." OGP at 1.

**First,** VoIP-Pal's PICs obfuscate any infringement theory. While totaling 2,700 pages across two cases, the PICs only superficially refer to each accused product and instead rely on long, non-limiting boilerplate passages that do not disclose where in the different accused products the claim elements allegedly are found. The contentions are near-exact copies across the accused Google products; VoIP-Pal merely swaps one product name for another without explaining how any of them allegedly meets each asserted claim element, even though these products significantly differ from one another.

Regardless of the accused product or defendant, the PICs mirror one another. The 2020 case PICs use "for example" 728 times for each of two accused products and 727 times for the third, even though the products are unrelated. This is not coincidental—it illustrates how genericized VoIP-Pal's PICs are. Similarly, in the 2021 case PICs, the two charts use "for example" the same number of times. VoIP-Pal's charts also are nearly identical to those for other

defendants, like T-Mobile, notwithstanding that VoIP-Pal accuses entirely dissimilar products and systems. In short, VoIP-Pal simply recycles vague, generic PICs with excessive, non-limiting "for example" language, instead of disclosing product-specific infringement theories so that Google can understand where VoIP-Pal believes each element of the asserted claims is found in Google's accused products.

**Second,** VoIP-Pal's contentions in the 2020 case accuse the "Google-Nest Messaging System," but fail to specify what hardware or software that allegedly includes. "Google-Nest Messaging System" is neither a product nor a messaging service. It instead is a Plaintiff-coined term that sheds no light on what product or functionality is accused. Indeed, "Nest" could refer to several types of products, including cameras, doorbells, smart speakers, and displays. Unlike the separately accused "Google-Duo Messaging System" and "Google-Hangouts Messaging System," which Google recognizes as accusing particular messaging-related products, Google cannot divine what is meant by VoIP-Pal's fictitious "Google-Nest Messaging System." VoIP-Pal ambiguously asserts that it means "one or more messaging and communication services," pointing to things like "networks connecting distributed nodes or clusters of nodes," "one or more Google-Nest client software applications," "a Google-Nest server infrastructure," and "Google Nest service." *See* [2020 Case PICs, Ex. C](#) at 1–3. This provides no insight into what Nest-related product or functionality allegedly infringes the asserted claims and how. Particularly where VoIP-Pal purports to accuse an otherwise non-existent product, it must adequately explain the scope of that accused product.

**Relief Requested:** Google respectfully requests that the Court (1) order VoIP-Pal to serve amended, OGP-compliant PICs, both as a whole and specifically against the "Google-Nest Messaging System" within 14 days after the Court's decision; and (2) order the parties to submit

a joint proposed scheduling order based on the amended PICs within 14 days after service of the amended PICs. *See Intellectual Tech LLC v. Zebra Techs. Corp.*, No. 6:19-CV-00628-ADA, ECF No. 31 (W.D. Tex. Apr. 29, 2020).

Google proposes the following exact language to be issued in a court order: "The Court orders VoIP-Pal to serve amended Preliminary Infringement Contentions in each case within 14 days. The Court further orders the parties to submit a joint proposed scheduling order in each case within 14 days after VoIP-Pal serves its amended Preliminary Infringement Contentions."

### VoIP-Pal's Statement

Google's claim that VoIP-Pal's PICs are deficient lacks merit.  Tellingly, Google fails to identify any limitation of the asserted claims where the PICs fail to "set[] forth where in the accused product(s) each element of the asserted claim(s) are found" as required by the OGP. Instead, Google complains about the similarity of the contentions across its accused products and those of the defendants in the related cases.  But these similarities are due to the fact that the accused products and services operate in a similar manner, at least insofar as the claim language is concerned.  Moreover, Google neglects to mention that the PICs include *product specific* information contained each chart of VoIP-Pal's 2020 case PICs and in Appendix A of each chart of VoIP-Pal's 2021 case PICs.  *See, e.g.*, 2020 Case PICs, Ex. C at 4-6; Attachment A (Exhibit 1 2021 PICs, Appendix A).

Google quibbles with VoIP-Pal's use of the phrase "for example."  But Google provides no authority that providing examples of infringement constitutes a deficiency.  Rather, VoIP-Pal uses the phrase "for example" to provide Google numerous detailed examples of how its products and services infringe.

Finally, Google complains that "Google-Nest Messaging System" is not a term used by Google for any product or service, but acknowledges that at least "Google-Duo Messaging System" and the "Google-Hangouts Messaging System" refer to commercial product/services. It is, however, indisputable that "Nest" is a brand that is used by Google for commercial products/services, and that Google's products including calling and messaging features. Moreover, Google keeps renaming and rebranding its products, even retrospectively, therefore it is difficult to find a simple term that would encompass all products and services that may infringe VoIP-Pal's patents. In any event, Google did announce its intention to rebrand its smart products such as Google Home under the "Google Nest" moniker. *See* "Google Nest: Why Google Finally Embraced Nest as its Smart Home Brand," The Verge, May 7, 2019, https://www.theverge.com/2019/5/7/18530609/google-nest-smart-home-brand-merging-hub-max-rebrand-io-2019 (last visited Mar. 4, 2022). The PICs themselves cite urls describing Google's Nest products and services and explain in detail how those products and services perform the calling and routing functions recited in the asserted claims. *See, e.g.*, 2020 Case PICs, Ex. C at 1-8. Therefore, Google's claim it cannot understand what "Google-Nest" refers to or how "Google Nest" infringes is both disingenuous and a problem of Google's own making.

**Relief Requested:** "The Court orders that Google's request for VoIP-Pal to serve amended Preliminary Infringement Contentions in each case is DENIED. The Court further orders that Google's remaining requested relief is DENIED as moot."

## ORDER

The parties actually dispute four issues. The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Google's requested relief as follows.

**First**, on the issue of whether VoIP-Pal obfuscated its infringement theory, the Court **DENIES** the relief requested by Google because the requested relief is too vague to be meaningful. Google asks the Court to order "VoIP-Pal to serve amended Preliminary Infringement Contentions" without setting any minimum standard for how VoIP-Pal must amend its contentions.

**Second**, on the issue of whether the infringement contentions may use "for example," the issue is not yet ripe for resolution. The preliminary infringement contentions must give fair notice of Plaintiff's infringement theories. If the Plaintiff later surprises the Defendant by asserting infringement theories not fairly noticed, the Court will be inclined to grant Defendant relief at that later time, especially if the Plaintiff presently has knowledge of theories not explicitly set forth in its preliminary infringement contentions. Plaintiff would serve its interest best by amending its contentions to plainly set forth all its infringement theories, but the Court declines to compel Plaintiff to do so.

**Third**, on the use of "Google-Nest Messaging System," the Court finds that this coined phrase does not give fair notice of which products are accused. The Court hereby **ORDERS** Plaintiff to serve amended infringement contentions within 14 days that unambiguously identify the names of at least the public products/services included in the "Google-Nest Messaging System." Plaintiff may use names from any time period, past or present.

**Fourth**, on the issue of resetting the schedule, Google's request for relief is **DENIED**. The Court's schedule already builds in room for amended contentions.

SIGNED this 18th day of March, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE